Filed 10/1/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RIGOBERTO RAMOS,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MERCEDES-BENZ USA, LLC,<br>et al.,<br><br>    Defendants and Respondents. | B298958<br><br>(Los Angeles County<br>Super. Ct. No. BC608910)<br><br>**ORDER MODIFYING OPINION**<br>**[Change in judgment]** |

THE COURT*:

The opinion herein, filed on September 30, 2020, is modified as follows:

On page 11, at the end of the **DISPOSITION** add:  No costs are awarded.

There is a change in the judgment.

_____

GRIMES, Acting P. J.        STRATTON, J.        WILEY, J.

Filed 9/30/20 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RIGOBERTO RAMOS, | B298958 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC608910) |
| v. | |
| MERCEDES-BENZ USA, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County. David S. Cunningham, Judge. Affirmed.

Rosner, Barry & Babbitt, Hallen D. Rosner, Arlyn L. Escalante; Strategic Legal Practices and Payam Shahian for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

## SUMMARY

We hold that, under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1791 et seq.; the Song-Beverly Act), popularly known as the "lemon law," a buyer may not obtain restitution of the full price he paid for a new motor vehicle, where the manufacturer failed to complete repairs to a defect within 30 days, but the defect did not substantially impair the vehicle's use, value or safety. We affirm the judgment entered on the jury's verdict.

## FACTS

Plaintiff Rigoberto Ramos leased a new 2013 Mercedes-Benz E350 from Mercedes-Benz of Beverly Hills on March 24, 2013.

A year later, in April 2014, plaintiff took the car to the dealer for the first time, because the car had been making squeaking and grinding noises when the steering wheel was turned to the right while backing up. The dealer was unable to duplicate the noise. The car was in the shop for one day.

Six months after that, in October 2014, plaintiff brought the car in because of a high-pitched noise from the front wheel area. The dealer confirmed the complaint and performed several repairs, including replacement of several parts. The service department also independently discovered cracked bushings and replaced them. The car was in the shop for 16 days.

About two weeks after the October repair, on November 15, 2014, plaintiff brought the car in again, reporting he continued to hear the grinding noise when the steering wheel was turned to the right while backing up. The dealer confirmed the noise occurred and performed repeated diagnostic road tests, but could not identify the cause. The dealer instructed plaintiff to continue

2

driving the vehicle until further review by Mercedes-Benz.  The car was in the shop for 18 days.

In December 2014, plaintiff asked Mercedes-Benz USA, LLC (the manufacturer) to repurchase the car, and on January 6, 2015, the company declined to do so.

Nine months later, in October 2015, plaintiff took the car to the dealer, reporting the car was still making the same noise when he backed up and turned the steering wheel to the left.  The dealer found the rack and pinion assembly was the source of the noise, replaced it and performed other repairs.  The car was in the shop for nine days.

Plaintiff returned the vehicle at the end of the lease term in May 2016.

Meanwhile, in February 2016 plaintiff filed this lawsuit against Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills under the Song-Beverly Act. (All statutory citations are to the Civil Code unless otherwise specified.)  He alleged several causes of action, including failure to promptly replace the car or make restitution, after failing to repair the car to conform to express warranties after a reasonable number of attempts (§ 1793.2, subd. (d)); failure to commence repairs within a reasonable time and failure to repair the car so it conformed to the applicable warranties within 30 days (§ 1793.2, subd. (b)); and breach of the implied warranty of merchantability (§ 1791.1).

A jury trial resulted in a special verdict finding the car did not have a defect covered by the warranty that substantially impaired the vehicle's use, value or safety, and the car was fit for ordinary purposes, but defendants failed to complete warranted repairs within 30 days.  Specifically, the jury answered these questions.

Question No. 3: "Did the vehicle have a defect covered by the warranty that substantially impaired the vehicle's use, value or safety to a reasonable buyer in [plaintiff's] situation?" The jury answered "No."

Question No. 10: "Did [the manufacturer] or its authorized repair facility fail to complete repairs to a defect covered by the written warranty within 30 days to conform the 2013 Mercedes-Benz E350 to the applicable warranties?" The jury answered "Yes," and found plaintiff's incidental and consequential damages were $1,800.

Question No. 17: "Was the motor vehicle fit for the ordinary purposes for which vehicles are used?" The jury answered "Yes."

The court entered judgment for plaintiff and against defendants for $1,800 on March 25, 2019. Plaintiff filed motions for a new trial, for partial judgment notwithstanding the verdict, and to vacate and enter a different judgment. Defendants filed motions to enter a different judgment and for judgment notwithstanding the verdict on the cause of action for failure to complete repairs within 30 days.

All motions were denied, and plaintiff filed this appeal.

## DISCUSSION

Defendants did not file a respondents' brief. We decide the appeal "on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).)

Plaintiff contends the trial court erred when it refused to instruct the jury that restitution of everything plaintiff paid under his lease contract for the car could be awarded as the remedy for defendants' failure to complete warranty repairs in 30 days. As a consequence, on that cause of action the special

4

verdict form asked the jury only: "What are [plaintiff's] incidental and consequential damages?"

The question whether the Song-Beverly Act permits restitution of the price paid for the car, as a remedy for a manufacturer's failure to complete warranty repairs within 30 days, is a question of statutory construction that we review de novo. We give statutory language " 'a plain and commonsense meaning,' " and we consider a statutory provision "in its statutory context," not in isolation. (*Kirzhner v. Mercedes-Benz USA, LLC* (2020) 9 Cal.5th 966, 972, 977 (*Kirzhner*).)

We begin with the pertinent statutes.

Section 1793.2 governs the duties of a manufacturer making an express warranty. One of those duties appears in section 1793.2, subdivision (b). It provides that where repair of consumer goods is necessary "because they do not conform with the applicable express warranties," the goods must be repaired "so as to conform to the applicable warranties within 30 days." (We will refer to this as the 30-day repair requirement, or section 1793.2(b).)[1]

Another duty appears in section 1793.2, subdivision (d). "If the manufacturer . . . is unable to service or repair a new motor vehicle . . . to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either

---

[1]     Section 1793.2(b) states, in pertinent part: "Where . . . service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state. Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days."

promptly replace the new motor vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer in accordance with subparagraph (B)." (§ 1793.2, subd. (d)(2).) (We refer to this as the replacement-restitution remedy, or section 1793.2(d).)

Section 1794 governs a buyer's damages. It allows any buyer "who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract" to bring an action for recovery of those damages and other legal and equitable relief. (§ 1794, subd. (a).)

Section 1794, subdivision (b) sets the measure of a buyer's damages: "The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement *as set forth in subdivision (d) of Section 1793.2*, and the following: [¶] (1) Where the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale, Sections 2711, 2712, and 2713 of the Commercial Code shall apply. [¶] (2) Where the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform." (Italics added.)

Because the jury found a violation of the 30-day repair requirement (§ 1793.2(b)), plaintiff argues the plain language of the just-quoted statutes entitles him to everything he paid under his lease contract *plus* incidental and consequential damages (rather than only incidental and consequential damages). He also contends that he justifiably revoked acceptance of the car (§ 1794, subd. (b)(1)), so that Commercial Code section 2711

6

applies, permitting him to recover the price he paid for the car. Neither of plaintiff's contentions is correct.

First, as the language italicized above shows, section 1794, subdivision (b) limits the replacement-restitution remedy to the circumstances "set forth in subdivision (d) of Section 1793.2." Under section 1793.2(d), it is only when the manufacturer is unable to repair the car "to conform to the applicable express warranties after a reasonable number of attempts" that the duty to replace or make restitution arises. (§ 1793.2(d)(2).) Further, "[f]or the purposes of [section 1793.2(d)]," nonconformity is defined to mean "a nonconformity which substantially impairs the use, value, or safety of the new motor vehicle to the buyer or lessee." (§ 1793.22, subd. (e)(1).) The statute says nothing about a replacement-restitution remedy for the section 1793.2(b) violation of failing to complete repairs within 30 days.[2]

This conclusion is supported by *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.4th 1246 (*Gavaldon*), where the Supreme Court held a service contract is not an express warranty, and section 1794 does not authorize the replacement-restitution remedy for breaches of service contracts. (*Gavaldon,* at pp. 1250, 1262.) (Recall that, in addition to failure to comply with obligations under the statute, section 1794 authorizes damages for failure to comply with obligations "under an implied or express warranty or service contract." (§ 1794, subd. (a).)) In

---

[2]    Plaintiff's car was in the shop for a total of 44 days during the period between April 2014 and October 2015, but no single repair visit extended for 30 days. We have not been asked to decide whether the 30 days of failure to complete repairs must be 30 consecutive days. For purposes of this appeal, we assume plaintiff proved the 30-day failure to repair requirement without deciding the question.

7

*Gavaldon*, the Supreme Court rejected the plaintiff's contention "that [section 1794,] subdivision (b) signifies that anyone injured under subdivision (a) may obtain the replacement/restitution remedy." (*Gavaldon,* at p. 1262.) The court explained:

"But the statute on its face does not so read. The right to replacement or restitution is qualified by the phrase 'as set forth in subdivision (d) of section 1793.2.' It is most reasonable to assume that this qualification means that the remedy is subject to the provisions set forth in section 1793.2, subdivision (d) (section 1793.2(d)), otherwise the reference to section 1793.2(d) would be superfluous. [The plaintiff] argues in effect that only some of the provisions of section 1793.2(d) apply, but not the provision stating that the replacement/restitution remedy is available only for breach of an express warranty." (*Gavaldon, supra,* 32 Cal.4th at p. 1262; *id.* at p. 1263 ["the legislative history confirms that the only reasonable reading of section 1794, subdivision (b) is that the replacement/restitution remedy applies only if the conditions of section 1793.2(d) are met"]; see also *Kirzhner, supra,* 9 Cal.5th at p. 986 ["The duty to promptly provide restitution arises only after the manufacturer is unable to repair the vehicle after being afforded the opportunity to make a reasonable number of repair attempts."].)

Here, "the conditions of section 1793.2(d)" (*Gavaldon, supra,* 32 Cal.4th at p. 1263) were *not* met. As we have just observed, a nonconformity for purposes of section 1793.2(d) is a nonconformity that substantially impairs the use, value, or safety of the new car. (§ 1793.22, subd. (e)(1).) Plaintiff would have us construe the statute to require a replacement-restitution remedy for failure to repair, within 30 days, a defect the jury expressly found did *not* substantially impair the vehicle's use, value or

8

safety to a reasonable buyer in plaintiff's circumstances. We see no basis in the statute, or in sound reason, to do so.

Second, plaintiff's theory that section 1794, subdivision (b)(1) entitles him to restitution fares no better. Section 1794, subdivision (b)(1) provides "[w]here the buyer has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale," section 2711 of the Commercial Code "shall apply." Section 2711 allows a buyer who "justifiably revokes acceptance" to recover "so much of the price as has been paid," as well as "any expenses reasonably incurred in their inspection, receipt, transportation, care and custody." (Cal. U. Com. Code, § 2711, subds. (1) & (3).) Plaintiff contends he revoked acceptance when he asked the manufacturer to buy back the car, and again when he filed his complaint. But the statute requires the buyer's revocation of acceptance be *justifiable*, and here, the jury's verdict foreclosed a finding that revocation of acceptance would have been justifiable. (§ 1794, subd. (b)(1).)

The jury's verdict, finding no substantial nonconformity in the car, makes clear it would not have been justifiable for plaintiff to revoke acceptance, and that he had no "right to cancel the sale." (§ 1794, subd. (b)(1); see Cal. U. Com. Code, § 2608, subd. (1) ["The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him . . . ."].)[3]

_____

[3]      Plaintiff argues he did not have to show he revoked acceptance of the car "within a reasonable time" and "before any substantial change in condition" as required under section 2608 of the California Uniform Commercial Code. This argument misses the point. The point in this case is that plaintiff's asserted

9

In short, plaintiff was only entitled to recover damages caused by the delay in repairing a nonconformity that did *not* substantially impair the car's use, value or safety. The trial court correctly concluded such damages do not include the replacement-restitution remedy under section 1793.2(d). Nor do they include damages that are available when a buyer justifiably revokes acceptance of goods under section 1794, subdivision (b)(1). There was no instructional error.

---

revocation of acceptance was unjustified at any time, because there was no substantial impairment of the value of the car. The argument is wrong on the law as well. A buyer seeking the replacement-restitution remedy of section 1793.2(d) need not revoke acceptance of the vehicle at any time to obtain that remedy. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 303.) Justifiable revocation of acceptance under section 1794, subdivision (b)(1) is an alternate theory of recovery, as explained in *Gavaldon*, and the Commercial Code's requirements apply to it. (*Gavaldon, supra,* 32 Cal.4th at pp. 1263-1264; *id.* at p. 1264 ["As can readily be observed, revocation of acceptance requires more and different actions of the buyer than is required under section 1793.2(d)."].) Plaintiff's reliance on such cases as *Mocek v. Alfa Leisure, Inc.* (2003) 114 Cal.App.4th 402 and *Music Acceptance Corp. v. Lofing* (1995) 32 Cal.App.4th 610 is misplaced. Those cases involve the remedies for breach of implied warranty, which include the right to cancel the contract and recover amounts paid. (*Mocek,* at pp. 406-407; *Music Acceptance,* at p. 621; see also § 1791.1, subd. (d), § 1794; Cal. U. Com. Code, § 2711.) The jury here found there was no breach of implied warranty.

10

## DISPOSITION

The judgment is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.